UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ROSE ANN HOCKEY,<br>       Plaintiff,<br>-v-<br>COMMISSIONER OF SOCIAL SECURITY,<br>       Defendant. | No. 1:17-cv-796<br>Honorable Paul L. Maloney |

## ORDER ADOPTING REPORT AND RECOMMENDATION AND AFFIRMING DENIAL OF BENEFITS

Plaintiff Rose Ann Hockey seeks review of the final decision of the Commissioner of Social Security, which denied a claim for Disability Insurance Benefits and Supplemental Security Income. Plaintiff filed for benefits on October 24, 2013, alleging that she had been disabled since August 5, 2013 because of lumbar fusion, degenerative disc disease, stenosis, a herniated disk, chronic pain, depression, bilateral carpal tunnel syndrome, and bilateral knee pain. The magistrate judge issued a report recommending that the Commissioner's decision be affirmed. (ECF No. 16.) Plaintiff filed objections, (ECF No. 17) and the Commissioner responded. (ECF No. 18.)

After being served with a report and recommendation (R & R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R & R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per

curiam). "[A]n objection that does nothing more than state a disagreement with the magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in the context of Federal Rule of Civil Procedure 72." *Brown v. City of Grand Rapids, Michigan*, No. 16-2433, 2017 WL 4712064, at *2 (6th Cir. June 16, 2017).

Plaintiff lodges a single objection to the R & R, arguing that the magistrate judge erred by concluding that the ALJ's RFC determination was supported by substantial evidence. Specifically, Plaintiff asserts that the medical opinion rendered by Dr. Russo could not support the RFC determination because he adopted unspecified limitations imposed by Dr. Winestone. Then, since Dr. Russo's opinion could not support the ALJ's RFC determination, Plaintiff claims that it was "based on nothing more than [the ALJ's] lay assessment of the medical evidence." (ECF No. 17 at PageID.978.)

But as the magistrate judge noted, Dr. Russo also concluded that Plaintiff's "ongoing symptom complex" was unexplainable from an anatomic standpoint. (ECF No. 16 at PageID.975.) Plaintiff does not contest that this conclusion was supported by Dr. Russo's findings and other medical evidence. Dr. Russo's conclusion supported the ALJ's observation that there were unexplained inconsistencies between the diagnostic tests and Plaintiff's reported pain symptoms, which in turn supported the ALJ's RFC determination. Accordingly, the Court agrees with the magistrate judge that any error in interpreting a portion of Dr. Russo's report was harmless because the RFC was still supported by substantial evidence.

Plaintiff also repeats her original argument that the RFC must be based on at least one medical opinion unless the medical evidence on the record shows relatively little physical impairment. Plaintiff asserts that a medical opinion should be required in this case because two examining physicians determined that she was disabled. However, as the Commissioner notes in response, the Sixth Circuit recently rejected this argument in *Mokbel-Aljahmi v. Commissioner of Social Security*, No. 17-2400, --- F. App'x ---, 2018 WL 2017564 (6th Cir. April 30, 2018).

There, three treating physicians determined that the claimant was disabled. *Id.* at *3. The ALJ gave no weight to the physicians' opinions, concluding that the opinions were contradicted by their own notes. *Id.* Instead, the ALJ "undertook a laborious evaluation of the medical record" and concluded that the claimant had the capacity for light work with certain restrictions. *Id.* at 5. The Sixth Circuit affirmed the district court's grant of summary judgment because substantial evidence supported the ALJ's RFC determination. In doing so, the court explicitly rejected Plaintiff's theory:

> We have previously rejected the argument that a residual functional capacity determination cannot be supported by substantial evidence unless a physician offers an opinion consistent with that of the ALJ. *See Shepard v. Comm'r of Soc. Sec.*, 705 Fed.Appx. 435, 442–43 (6th Cir. 2017) (rejecting the argument that "the ALJ's [residual functional capacity] lacks substantial evidence because no physician opined that [the claimant] was capable of light work"); *Rudd v. Comm'r of Soc. Sec.*, 531 Fed.Appx. 719, 728 (6th Cir. 2013) (rejecting the same argument because "the ALJ is charged with the responsibility of determining the [residual functional capacity] based on her evaluation of the medical and non-medical evidence").

*Id.* In light of the Sixth Circuit's holding, Plaintiff's argument that the "RFC determination is not supported by any medical opinion and is therefore not supported by substantial

evidence" must fail. (ECF No. 17 at PageID.979.) Plaintiff's objections are therefore **OVERRULED.**

Having conducted a de novo review, the Report and Recommendation (ECF No. 16) is **ADOPTED** as the Opinion of this Court.

The final decision of the Commissioner, which denied benefits, is **AFFIRMED.**

**JUDGMENT TO ENTER SEPARATELY.**

**IT IS SO ORDERED.**

Date: August 7, 2018                             /s/ Paul L. Maloney
                                                 Paul L. Maloney
                                                 United States District Judge